FILED

JAN 10 2020

Clerk, US District Court
District of Montana - Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>HARRY EDWARD ALLEN, JR.,<br><br>Defendant/Movant. | Cause No. CR 14-115-BLG-SPW<br>CV 19-118-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Harry Allen's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Allen is a federal prisoner proceeding pro se.

On June 12, 2017, Allen pled guilty to a superseding information charging that he conspired with others between January 2012 and August 2013 to possess a substance containing a detectable amount of methamphetamine with the intent to distribute it. Based on a total offense level of 31 and a criminal history category of IV, the advisory guideline range was 151 to 188 months. Allen was sentenced to serve 151 months in prison, to be followed by a three-year term of supervised release. Judgment was entered on February 16, 2018. *See* Superseding Information (Doc. 81) at 1–2; Minutes (Doc. 124); Judgment (Doc. 125) at 2–3; Statement of Reasons (Doc. 126) at 1 § III. Allen did not appeal.

Allen now contends that prior convictions that counted against him at sentencing should not have been considered felonies because they were reduced to misdemeanors. *See* Mot. § 2255 (Doc. 135) at 4–5 ¶¶ A–C.

This issue was litigated at sentencing. Pursuant to California's Proposition 47, three felony convictions Allen incurred in California in 2007 and 2010 were downgraded to misdemeanors on March 22, 2017. *See* Presentence Report ¶¶ 36, 39, 40. In this Court, Allen's counsel argued that California's reassessment of the seriousness of Allen's conduct should reduce the impact his prior sentences would have on his federal sentence under the United States Sentencing Guidelines. *See* Def. Sentencing Mem. (Doc. 100) at 5 & Exs. 2, 3 (Doc. 100-1 at 4–5); Def. Supp. Sentencing Mem. (Doc. 119) at 7–8. Following *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016), the Court decided that California's reclassification of the offenses did not govern scoring of Allen's prior sentences under U.S.S.G. §§ 4A1.1 and 4A1.2.

Allen now points to a decision issued after his sentencing hearing that distinguishes *Diaz*. He asserts that *Clay v. United States*, No. LA CR 05-948-VBF, 2018 WL 6333671 (C.D. Cal. May 14, 2018), *cited in* Mot. § 2255 at 4 ¶¶ A–B, is "newly discovered evidence" that his sentence is "longer than one authorized by law" and that it was based on "assumptions concerning [his] criminal record which were materially untrue." He asserts violations of due process and the Eighth

Amendment. *See* Mot. § 2255 at 4 ¶ A, 5 ¶ C. He also asserts that he should be resentenced under *Johnson v. United States*, 544 U.S. 295 (2005). *Id.* at 4 ¶ B.

*Johnson* or *Clay* might have applied to Allen's case if his California convictions had been reduced to misdemeanors *after* he was sentenced in this Court. That is what happened in *Johnson* and *Clay*. Johnson was sentenced in federal court in 1994. In 1998, he petitioned a Georgia court to invalidate state convictions that had enhanced his federal sentence, and after the Georgia court vacated his state convictions, he filed his § 2255 motion in federal court, seeking resentencing. *See Johnson*, 544 U.S. at 298, 300–01. Clay was sentenced in federal court in October 2006. Proposition 47 was passed in 2014. Clay filed his § 2255 motion in federal court after a California court downgraded his 1999 California conviction. *See Clay*, No. LA CR 05-948-VBF, 2018 WL 6333671 at *1–2. But Allen's California convictions were reduced to misdemeanors *before* he was sentenced in this Court and even before he pled guilty.

Likewise, Allen's claim that the Court relied on "assumptions concerning his criminal record which were materially untrue," *Townsend v. Burke*, 334 U.S. 736, 741 (1948), *quoted* in Mot. § 2255 (Doc. 135) at 4, is inaccurate. The presentence report noted that three of Allen's prior convictions had been downgraded from felonies to misdemeanors on March 22, 2017. *See* Presentence Report ¶¶ 36, 39, 40. Allen's counsel argued the very issue Allen now raises and also argued *that his*

3

criminal history score substantially overrepresented the seriousness of that history. *See, e.g.*, Def. Supp. Sentencing Mem. (Doc. 119) at 4–6. A *Townsend* claim is not sustainable under these circumstances. And Allen does not point to any facts indicating an Eighth Amendment violation. His sentence of 151 months was well within the 20-year maximum.

What Allen actually asserts is that his sentence was based in part on an erroneously calculated advisory guideline range. Even if the Court erred in calculating that range, "an error of law [or fact] does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979), *quoted in United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008) (alterations in original). A difference in opinion between one court that follows *Diaz* and another court that distinguishes it is not "a fundamental defect" causing "a complete miscarriage of justice." Moreover, a difference of opinion between courts is why the remedy of appeal is available.

Claims of error in guideline calculations must be raised on direct review and are not cognizable in § 2255 proceedings. *See United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1995). Nor may the Court consider whether Allen can excuse his failure to raise the guideline error by direct appeal because a defendant may excuse a procedural default only when he raises a claim of constitutional dimension, not a

guidelines claim. *See id.* at 485 (citing *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992)). Moreover, the error Allen alleges was not "hidden." *See id.* at 486. The proposed Guideline calculations were set forth in the Presentence Report and discussed at the sentencing hearing. Thus, "[a]ny exception to waiver for hidden errors is inapplicable in this case." *Id.*

In sum, the record at sentencing showed the facts Allen now asserts. His remedy for any mistaken guideline calculation lays in appeal. He may not proceed under § 2255 with his current claim of guideline error. The Court notes that Allen's plea agreement also waived his right to appeal the sentence and his right to attack the sentence under § 2255. *See* Plea Agreement (Doc. 78) at 7 ¶ 8; Change of Plea Tr. (Doc. 88) at 5:17–24, 6:13–7:4, 21:14–22:2, 24:19–24.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Allen's claim that his sentence was based on materially untrue assumptions, in violation of *Townsend*, is not substantial, and his Eighth Amendment claim is equally insubstantial. The presentence report reflected the reclassification of his California felonies under Proposition 47, counsel objected to Allen's criminal history score on that basis, and the objection was overruled at sentencing. These matters cannot be raised in a § 2255 proceeding. There is no reason to encourage further proceedings. A COA is not warranted. Accordingly,

**IT IS HEREBY ORDERED**:

1. Allen's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 135) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Allen files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-118-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Allen.

DATED this _10th_ day of January, 2020.

Susan P. Watters
United States District Court